IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| BRETT MACKLER, | : |
| Plaintiff, | : |
| VS. | : 1 : 11-CV-45 (WLS) |
| BRUCE CHAPMAN, *et al.,* | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Defendants Chapman, Allen, and Harris's[1] Motion to Dismiss, and Plaintiff's Motion to Dismiss, Motion for Appointment of Counsel, and Motion for permission to take depositions. (Docs. 19, 28, 39, 42).

## Background

Plaintiff filed this action alleging that Defendants, employees of Autry State Prison ("ASP") at the time of the alleged offense, acted with deliberate indifference to a substantial risk of harm to Plaintiff, violating his Eighth Amendment rights. (Doc. 8). Plaintiff states that one night he was awoken by his cellmate, White, who was laughing uncontrollably. Plaintiff asked White to stop, but White refused. Plaintiff maintains that he then summoned a guard who told White to stop laughing, and when White failed to comply, the guard escorted White to "lock down."

After White was released back into general population, Plaintiff alleges that White found

---

[1] The undersigned has recommended that all other Defendants be dismissed from this action. As of the date of this Recommendation, the district judge assigned to this case has not ruled on the pending Report & Recommendation. (Doc. 9). The "Defendants" referenced in this Order and Recommendation refer to Defendants Chapman, Allen, and Harris, unless otherwise stated.

Plaintiff and attacked him.   Plaintiff states that White hit Plaintiff in the face without warning and knocked Plaintiff to the ground, which caused mouth and shoulder injuries.

Plaintiff states that Defendants were deliberately indifferent to a serious risk of harm to Plaintiff.   Plaintiff alleges that Defendants were aware of White's mental health problems and that White had a history of violence and physical altercations with Plaintiff, but still released White back into Plaintiff's building after Plaintiff had caused White to be placed in "lock down."

*Motion to Dismiss (Doc. 19)*

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level".   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.   The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e (a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's response reveals a conflict. In Plaintiff's response, Plaintiff maintains that he filed informal grievances, but formal grievances were never given to him. (Doc. 28). Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying this lawsuit. (Doc. 18). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Defendants contend, and support with an affidavit from the Administrative Assistant at ASP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the

Complaint. (Doc. 18-1, Ross Affidavit).   The affidavit testimony establishes the presence of a grievance system at ASP, and that Plaintiff filed two grievances related to the alleged claims, which Defendants have provided to the Court.   (*Id.*).

On November 16, 2009, Plaintiff filed grievance number 33797 complaining that Plaintiff was attacked by inmate White when "the 'administration' transferred inmate White from segregation to general population, though they were aware of his 'problems'."   (Doc. 18-1, Ross Affidavit, ¶ 12).   The informal grievance was not resolved and Plaintiff failed to file a formal grievance. (*Id.*; Doc. 18-1, p. 22).   Therefore, Plaintiff did not exhaust grievance 33797, as he did not file a formal grievance after his informal grievance was not resolved.

Plaintiff filed his second informal grievance, number 35012, on December 2, 2009, alleging that people were talking about Plaintiff's request that his roommate be charged with assault, and asking that ASP tighten security and demote certain prison officials.   (Docs. 18-1, Ross Affidavit, ¶ 13; 18-1, pp. 25-26).   The informal grievance was rejected because Plaintiff's complaint was not covered in the space allowed.   (Docs. 18-1, Ross Affidavit, ¶ 13; 18-1, p. 27).    Plaintiff did not fully exhaust grievance number 35012 because he did not file a formal grievance and an appeal.

Plaintiff alleges that he was denied an appeal form, and therefore he successfully exhausted the administrative remedies available to him.   (Doc. 28).   It appears Plaintiff is alleging that he was denied a formal grievance form for his rejected grievance number 35012.   Plaintiff's grievance was rejected based on a failure to follow the procedural guidelines for filing a grievance.   In order to properly exhaust administrative remedies, Plaintiff must follow the procedural guidelines in place. *See Woodford*, 548 U.S. at 90 (proper exhaustion requires the plaintiff to comply with procedural rules).   Plaintiff failed to follow the procedural guidelines

regarding grievance number 35012, so his grievance was not exhausted.

The Court also recognizes that grievance 35012 does not complain of facts underlying this case.  The grievance alleges that people were talking about Plaintiff while he was going to pick up his pills, not that he was attacked due to the deliberate indifference of Defendants.  As Plaintiff's grievance was not related to the facts underlying this claim, the exhaustion, or lack thereof, is irrelevant.

Plaintiff also briefly states that he exhausted his administrative remedies when he filed formal grievance number 85372, which was immediately rejected by Counselor Brock.  (Doc. 28).  An inmate must use all steps in the grievance process to satisfy the exhaustion requirements. *See Woodford*, 548 U.S. at 89-92.  Herein, Plaintiff does not allege that grievance 85372 was related to the underlying facts of this case.  Furthermore, Plaintiff failed to exhaust this grievance as he did not file an appeal with the Commissioner's office.  Plaintiff has failed to provide the Court with evidence to show this grievance was exhausted, despite the fact that Plaintiff states he has the grievance in his possession.

Plaintiff has failed to refute Defendants' evidence that Plaintiff failed to exhaust the administrative remedies available to him.  The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize the available administrative remedies to grieve the alleged offenses of the Defendants.  Accordingly, it is the recommendation of the undersigned that Defendants Chapman, Allen, and Harris's Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

Recommendation.

*Plaintiff's Motion to Dismiss (Doc. 28)*

Plaintiff titled his response to Defendants' Motion to Dismiss as Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss.  Plaintiff's Motion is simply a response in opposition to Defendant's Motion, and Plaintiff requests only that the Court dismiss Defendants' Motion.  As Plaintiff has merely misnamed his response to Defendants' Motion to Dismiss, the Court orders that Plaintiff's "Motion to Dismiss" be **DENIED**.

*Motion for Appointment of Counsel (Doc. 39)*

Plaintiff filed a Motion for Appointment of Counsel on February 21, 2012.  Generally speaking, no right to counsel exists in § 1983 actions.  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.  *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his

rights.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** at this time.

*Motion for Depositions (Doc. 42)*

Plaintiff filed this Motion requesting the Court allow Plaintiff to depose Defendants and several witnesses.  Plaintiff would also like a court reporter to be present and record the depositions.  On September 2, 2011, Defendants filed a Pre-Answer Motion to Dismiss, which began the 90-day discovery period. (*See* Docs. 9, 19).  The discovery period closed on or about December 1, 2011.

On January 26, 2012, Plaintiff filed a Motion for Extension, requesting the Court re-open discovery.  (Doc. 31).  The undersigned denied the Motion, and Plaintiff filed two Motions for Reconsideration regarding the denial of his Motion to re-open discovery.  (Docs. 34, 38).  The district judge assigned to this case denied both of Plaintiff's Motions for Reconsideration.  (Doc. 43).

Plaintiff is now asking the Court to re-open discovery so that he can depose Defendants and several witnesses.  Plaintiff has provided no new evidence which would persuade the Court to re-open discovery.  Furthermore, the undersigned has recommended dismissal of this case based on Plaintiff's failure to exhaust his administrative remedies.  If the district judge assigned to this case adopts the Recommendation to grant Defendants' Motion to Dismiss and adopts the previously pending Recommendation, the case will be closed.  As it does not appear necessary at this time for Plaintiff to take depositions, Plaintiff's Motion to take depositions is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 20th day of March, 2012.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf