IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BRETT MACKLER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-CV-45 (WLS) |
| | : | |
| DONNIE THOMPSON, Warden, et. al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed March 20, 2012 (Doc. 45). The Recommendation recommends that Defendants' Motion to Dismiss (Doc. 19) be granted. The Recommendation provided the Parties with fourteen days[1] from the date of its service to file written objections to the recommendation. An objection from the Plaintiff was due on April 6, 2012. Plaintiff filed an objection on May 16, 2012. (Doc. 48). Plaintiff claims to have been at a different facility receiving medical care at the time the Report and Recommendation initially arrived at the prison at which he had been incarcerated thereby precluding Plaintiff from receiving the Report until May 2, 2012. The Court finds that sufficient evidence exists to support Plaintiff's claim, and that Plaintiff responded within fourteen days of receiving the Magistrate Judge's Order and Recommendation.[2] Accordingly, in light of the evidence presented by Plaintiff, the Court considers the objection in the interests of justice.

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[2] The envelope sent to Plaintiff containing the Report and Recommendation is stamped "Received Mar 22 2012" and "Received May 03 2012." Also, the envelope has been stamped by the Calhoun State Prison Mailroom which reads, "After 35 days of forwarding, mail will no longer be forwarded to you. Advise sender of your new address." In the

Magistrate Judge Langstaff recommends dismissal of Plaintiff's complaint because Plaintiff has failed to exhaust administrative remedies. (Doc. 45 at 5). Judge Langstaff finds that Plaintiff's Informal Grievance Number 33797 was not exhausted because Plaintiff failed to file a formal grievance following the denial of that grievance. (*Id.* at 4). He further explains that Plaintiff's Informal Grievance Number 35012 was not exhausted because Plaintiff did not file a formal grievance and an appeal. (*Id.*). Judge Langstaff notes Plaintiff's complaint that he was not given an appeal form. (*Id.*). However, Judge Langstaff explains that it "appears that Plaintiff is alleging that he was denied a formal *grievance form* for his rejected grievance number *35012*." (*Id.*) (emphasis added). He further reasons that discussion regarding Informal Grievance Number 35012 is irrelevant because Plaintiff failed to follow the procedural guidelines for filing that grievance and the facts complained of in that grievance were not relevant to the present § 1983 action. (*Id.* at 4-5).

Judge Langstaff notes Plaintiff's mention of Formal Grievance Number 85372, but states that the formal grievance did not satisfy the administrative exhaustion requirement because Plaintiff did not allege that it "was related to the underlying facts of this case[,]" and failed to file an appeal. (*Id.* at 5). Based on a finding of failure to exhaust administrative remedies, Judge Langstaff recommends that Defendants' Motion to Dismiss be granted. (*Id.*).

Plaintiff's Objection focuses on his assertion that he did file a formal grievance following the denial of his Informal Grievance Number 33797.[3] (Doc. 48 at 9). Plaintiff attaches various pieces of evidence to support his claim. Informal Grievance Number 33797 was signed by Counselor M. Block on December 2, 2009, and marked as not resolved. (Doc. 48-1). A Formal

---

same vicinity as the stamp, handwriting reads, "Left 3-22 2012." Further, the address the letter was originally sent to is crossed out and next to it reads, "Augusta State Med. Prison, 3001 Gordon Hwy, Grovetown, GA 30813." Based on this evidence, the Court finds reason to credit Plaintiff's justification for untimely filing his objection.
[3] Plaintiff's objection does not address the administrative exhaustion or lack thereof regarding Informal Grievance Number 35102, so the Court likewise declines to address that grievance.

2

Grievance form was requested and Formal Grievance Number 85372 was provided to Plaintiff. (*Id.*; *see* Docs. 18 ¶ 12, 18-1 at 22). However, contrary to Mr. Ross's assertion in his affidavit (Doc. 18 ¶ 12), Plaintiff *has* submitted into evidence a copy of Grievance Number 85372 and Receipt for Grievance regarding "Form Number 85372[,]" both of which are signed by Counselor M. Block. (Doc. 48-1 at 10, 11; *see also* Doc. 1-7 at 7).[4] Both documents are dated December 3, 2009. (Doc. 48-1 at 10, 11).

Plaintiff additionally submitted Notice of Formal Grievance Rejection, dated December 9, 2009, which noted that Plaintiff's grievance was being denied pursuant to Georgia Dep't of Corrections S.O.P. IIB05-0001/VI.C(4) because it "[addressed] more than one issue"[5] and because the grievance was "not signed by inmate."[6] (Doc. 48-1 at 12). Plaintiff did not sign the document on the line marked "Inmate's Signature (REQUIRED)" although he did sign below in an area labeled "Receipt for Grievance at Counselor's Level." (*Id.*). As to this defect, Plaintiff claims that Counselor Block breached his duty to inform Plaintiff that Plaintiff failed to sign the form.[7] (Doc. 48 at 14). Further, Plaintiff claims that Counselor Block breached Georgia Dep't of Corrections S.O.P. IIB05-0001/VI.A(3) because Counselor Block refused to assist Plaintiff with the grievance form because Plaintiff was suffering from a concussion and was under the influence of a "strong narcotic." (*Id.* at 14-15).

---

[4] Formal Grievance Form was originally submitted with Plaintiff's Complaint (Doc. 1-7 at 7) and resubmitted in Plaintiff's Objection. As such, the Court will consider the document provided.

[5] Formal Grievance Form Number 85372 reads: "At approx.. 1500hrs inmate Evander White was reassigned back to G-1 Dormetory [sic]. By doing so this administration failed to provide me with a Safe, Secure, [sic] enviroment [sic] by allowing this inmate back into a dorm where they knew he had had problems with me – his former roommate. I have requested that Inmate White be arrested and charged with aggrivated [sic] assult [sic]." Under "Resolution Requested[,]" Plaintiff noted that he "need[s] major surgery to repair [his] separated shoulder." (Doc. 48-1 at 11).

[6] Failure of an inmate to sign the grievance is a violation of Georgia Dep't of Corrections S.O.P. IIB05-0001/VI.C(2).

[7] In support of his allegation that Counselor Block had a duty to inform Plaintiff that he had failed to sign Formal Grievance Number 85372, Plaintiff cites Georgia Dep't of Corrections "S.O.P. IIB05-0001 page #8 of 12 item #12." (Doc. 48 at 14). Plaintiff may be relying on Georgia Dep't of Corrections S.O.P. IIB05-0001/VI.C(12), but that subsection states that "[t]he *inmate* will sign and date the Grievance Form, acknowledging receipt." (Doc 18-1 at 16 (emphasis added)).

Finally, Plaintiff states that he has exhausted all administrative remedies available to him because Counselor Block denied him access to an appeal form as to Formal Grievance Number 85372.[8]  (*Id.* at 15-16).

Upon review of the evidence provided by Plaintiff, the Court finds that Plaintiff did file a Formal Grievance (Formal Grievance Number 85372) following the denial of Informal Grievance Number 33797.  However, while the record refutes Magistrate Judge Langstaff's finding that Plaintiff "did not file a formal grievance after his informal grievance was not resolved," Plaintiff has still failed to demonstrate that he exhausted the administrative grievance process because he never filed an appeal of the denial of Formal Grievance 85372.  Although Plaintiff contends that he was denied appeal forms, in order to demonstrate administrative remedies were unavailable, he must point to specific facts showing that officials prohibits or blocked his use of the grievance process.  *See* Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told in writing that appeal was precluded; Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (prison officials' serious threats of retaliation against an inmate for pursuing a grievance renders administrative remedies unavailable).  Other than pointing to his own pleadings and statements, Plaintiff fails to establish any facts supporting his allegation that Counselor Brock refused to provide appeal forms. (Doc. 48-1 at 19-20).  Thus, Judge Langstaff's finding that Plaintiff failed to exhaust his administrative remedies for failure to file an appeal to the rejection of Formal Grievance 85372 remains sound.  Accordingly, the Court finds that Plaintiff's Objection (Doc. 48) fails to rebut the legally sound findings of Judge Langstaff, and Plaintiff's objections regarding his failure to exhaust administrative remedies is **OVERRULED**.  To the extent that Plaintiff's Objection (Doc. 48)

---

[8] Plaintiff additionally claims that the appeal form was not available as required by Georgia Dep't of Corrections S.O.P. IIB05-0001/VI.D(1).  (Doc. 18-1 at 16).

4

fails to address recommendations made in Judge Langstaff's Recommendation (Doc. 45), the Court finds that any objections not made thereto are **WAIVED**.

## **CONCLUSION**

Accordingly, the objections set forth in Plaintiff's Objection (Doc. 48) is **OVERRULED**, and United States Magistrate Judge Langstaff's March 20, 2012 Order and Recommendation (Doc. 45), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.   Accordingly Defendants' Motion to Dismiss (Doc. 19) is **GRANTED**.

**SO ORDERED**, this  17th   day of September, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**