IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BRETT MACKLER, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:11-CV-45 (WLS) |
| BRUCE CHAPMAN, Warden, et. al., | : | |
| Defendants. | : | |

# ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed May 11, 2011 (Doc. 9). The Recommendation recommends that Plaintiff's failure to protect claim against Warden Bruce Chapman, Deputy Warden Allen, and Captain Nathaniel Harris be allowed to proceed.[1] (Doc. 9 at 21). The Recommendation also recommends that claims regarding: failure to protect based solely on verbal taunts by other inmates, failure to provide adequate medical care, denial of equal protection, physician-patient confidentiality, conditions of confinement, assault by officers, denial of due process, violation of grievance procedures, and negligent provision of legal forms be dismissed, and Defendants Deputy Warden Williams, Lt. Banks or Brooks, Counselor Brock, R.N. Holloway, Sgt. Jones, Dr. Bobby Knight or Prince, Dr. Mark Winchell, Department of Corrections Commissioner Brian Owens, and Department of Corrections Director of Health Services Tom Sitnick be dismissed from this action as well. (*Id.*) Plaintiff timely objected to the Recommendation. (Doc. 13).

---

[1] The Court addressed Plaintiff's failure to protect claim in a separate Order (Doc. 54). In that Order, the Court granted Defendants Chapman, Allen and Harris' Motion to Dismiss (Doc. 19) with respect to all claims against them, including the failure to protect claim.

1

For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 13) are **OVERRULED**, and United States Magistrate Judge Langstaff's May 11, 2011 Order and Recommendation (Doc. 9), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly Plaintiff's claims regarding failure to protect based solely on verbal taunts by other inmates, failure to provide adequate medical care, denial of equal protection, physician-patient confidentiality, conditions of confinement, assault by officers, denial of due process, violation of grievance procedures, and negligent provision of legal forms are **DISMISSED**, and Defendants Deputy Warden Williams, Lt. Banks or Brooks, Counselor Brock, R.N. Holloway, Sgt. Jones, Dr. Bobby Knight or Prince, Dr. Mark Winchell, Department of Corrections Commissioner Brian Owens, and Department of Corrections Director of Health Services Tom Sitnick are **DISMISSED** from this case.

**I.     Denial of Medical Care:**

Judge Langstaff recommends dismissal of Plaintiff's denial of medical care claim, finding that Plaintiff's Complaint fails to state a viable claim for denial of adequate medical care. (Doc. 9 at 10). As best the Court can tell, Plaintiff objects to the recommended dismissal of his denial of medical care claim.  Plaintiff lists a litany of incidents and contentions allegedly supporting his claim for denial of medical care, including a letter written to Director Sitnick regarding Plaintiff's medical condition; Director Sitnick's alleged instructions to medical personnel to not fix Plaintiff's condition; and various doctors' opinions regarding the proper procedure to correct Plaintiff's shoulder. (Doc. 13 at 1-3, 4).  Plaintiff also contends that his medical condition shocked the conscience based on the alleged reactions of various medical personnel and Deputy Warden Cross to Plaintiff's shoulder. (*Id.* at 3).   However, Plaintiff's

2

Objection still fails to sufficiently allege that Defendants were deliberately indifferent to his medical need. Instead, the Objection simply reaffirms Plaintiff's belief that his shoulder required a different course of treatment. As Judge Langstaff noted, Plaintiff's disagreement with the course of treatment chosen is insufficient to state a claim for denial of medical care, as medical treatment only violates the Eighth Amendment when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." (*Id.* at 9). Accordingly, the Court finds that Plaintiff's Objection (Doc. 13) fails to rebut the legally sound findings of Judge Langstaff regarding Plaintiff's Eighth Amendment claim on the alleged failure to provide medical care, and is **OVERRULED**.

## II.     Denial of Equal Protection

Judge Langstaff also recommends that Plaintiff's Equal Protection claim be denied for failure to state a claim. Judge Langstaff found that Plaintiff's Complaint, which recited only Dr. Winchell's statement regarding younger patients receiving shoulder surgery, failed to allege specific facts constituting a valid equal protection claim as it simply explained the reason for the course of treatment. (Doc. 9 at 11).

Plaintiff's Objection again cites to Dr. Winchell's statement, and also adds a number of statements regarding a 40-year-old black inmate named Cedric Johnson. Plaintiff asserts that Cedric Johnson suffered from an AC separation and a torn rotator cuff and received surgery due to his age and race, whereas Plaintiff did not, despite Plaintiff's similar AC separation. Plaintiff concludes that "Johnson was operated on because he was young and black…petitioner contends that since he is neither young or[sic] black that he still need[sic] his disabled shoulder fixed with surgery." (Doc. 13 at 3-4).

Plaintiff's Objection still fails to provide a basis for a claim under the Equal Protection Clause.  The Objection contains no factual allegations to support Plaintiff's contention that he was denied medical treatment on the basis of his age or race.  As Plaintiff has only provided legal conclusions which he has stated as factual assertions, his Equal Protection claim against Defendants must fail.  *See Russ v. Blumenfeld*, 2011 WL 6010294, *5 (M.D. Ala. Nov. 3, 2011) ("Because Plaintiff's bald suspicions and assertions of discrimination are unsupported by specific factual allegations, they are insufficient to state a claim for a violation of the Equal Protection Clause.").  Moreover, to assert a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that: (1) he was treated differently from similarly situated persons; and (2) the defendant unequally applied the laws for the purpose of discriminating against him.  *Morris v. City of Orlando*, 2010 WL 4646704, at *7 (M.D. Fla. 2010) (citing *GJR Inv. v. Cnty. of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998)).  Though Plaintiff asserts that he was targeted on the basis of his age, there are no allegations in the Complaint from which it may plausibly be inferred that Defendants intended to treat Plaintiff differently from similarly situated persons.  Plaintiff's Objection only reinforces Judge Langstaff's finding that Plaintiff's Equal Protection claim is essentially a disagreement about the proper course of treatment.  Accordingly, the Court finds that Plaintiff's Objection (Doc. 13) fails to rebut the legally sound findings of Judge Langstaff regarding Plaintiff's Equal Protection claim, and is **OVERRULED**.[2]

---

[2] To the extent that Plaintiff is attempting to use his Objection to the Recommendation to raise a race-related Equal Protection claim, such an attempt is improper.  *See Thomas v. Kemp*, 2010 WL 4860604, *1 n.1 (S.D. Ga. Nov. 23, 2010) (noting that "Objections to a Report and Recommendation are not the proper vehicle to raise additional claims").  Moreover, to the extent that Plaintiff also uses his Objection to: (1) re-cast his biscuit-related Eighth Amendment claim as violations of his First Amendment and Fifth Amendment rights; (2) raise new First Amendment claims related to Nurse Halloway; and (3) raise new Due Process and Equal Protection claims related to Inmate White's prosecution, such attempts are also improper.

4

To the extent that Plaintiff's Objection (Doc. 13) fails to address recommendations made in Judge Langstaff's Recommendation (Doc. 9), the Court finds that any objections not made thereto are **WAIVED**.

## CONCLUSION

Accordingly, the objections set forth in Plaintiff's Objection (Doc. 13) are **OVERRULED**, and United States Magistrate Judge Langstaff's May 11, 2011 Order and Recommendation (Doc. 9), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Plaintiff's claims regarding: failure to protect based solely on verbal taunts by other inmates, failure to provide adequate medical care, denial of equal protection, physician-patient confidentiality, conditions of confinement, assault by officers, denial of due process, violation of grievance procedures, and negligent provision of legal forms are **DISMISSED**, and Defendants Deputy Warden Williams, Lt. Banks or Brooks, Counselor Brock, R.N. Holloway, Sgt. Jones, Dr. Bobby Knight or Prince, Dr. Mark Winchell, Department of Correction Commissioner Brian Owens, and Department of Corrections Director of Health Services Tom Sitnick are **DISMISSED** from this case.  As no further Defendants remain in this case, Plaintiff's Complaint (Docs. 1 and 8) is **DISMISSED**.

**SO ORDERED**, this   21st   day of November, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**